# *United States District Court*

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

FILED by _____ D.C.

JUL 2 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. L

UNITED STATES OF AMERICA

V.

JOHN R. SOTO

**CRIMINAL COMPLAINT**

CASE NUMBER: $00 - 04185 - 055$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __July 25, 2000__ in __Broward__ county, in the __Southern__ District of __Florida__ and elsewhere, the defendant knowingly and intentionally possessed with the intent to distribute a Schedule I controlled substance, that is, a substance and mixture containing a detectable amount of Methylenedioxymethamphetamine ("MDMA")

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:
<sub>Official Title</sub>

Please see attached affidavit.

Continued on the attached and made a part hereof:  [x] Yes  [ ] No

*Nancy M. Cook* TFO
NANCY M. COOK, Task Force Officer
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

July 26, 2000                              at Ft. Lauderdale, FL
Date                                       City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer         Signature of Judicial Officer

## AFFIDAVIT

I, Nancy M. Cook, having first been duly sworn, do hereby state and depose the following:

1. My name is Nancy M. Cook and I am a Task Force Officer assigned to the Drug Enforcement Administration (DEA), United States Department of Justice (DOJ) and have been so employed as a law enforcement officer since 1987. I am currently assigned to the Ft. Lauderdale District Office.

2. As part of my duties and responsibilities, I have been involved in an investigation concerning the narcotics trafficking activities of JOHN ROMEL SOTO and others. The information in this affidavit is based on my personal knowledge and that of other law enforcement officers and agents. Because this affidavit is being submitted for the limited purpose of establishing probable cause for arrest in this case, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the arrest in this case.

3. On July 21, 2000, DEA Task Force Officer, Cal Thomas, acting in an undercover capacity, met with an individual known as Michael Alberio in Aiken, South Carolina and discussed the details of the purchase of two thousand (2000) methylenedioxymethamphetamine "MDMA" pills and five (5) ounces of cocaine from a source of supply in South Florida. Alberio told TFO Thomas that the pills would cost approximately $25,000.00 and the cocaine would cost approximately $3,500.00. Alberio provided TFO Thomas with directions to a residence and a telephone number to contact upon arrival in Fort Lauderdale, Florida. According to Alberio, TFO Thomas would obtain the pills and cocaine from an individual known as "Ray" at this

1

residence. Alberio advised TFO Thomas that his, Alberio's, source of supply would drop the drugs off at "Ray's" house. In order to show that he was serious about this deal, TFO Thomas "flashed" $25,000.00 to Alberio during this meeting.

4. Negotiations continued via telephone between TFO Thomas and Alberio. On July 24, 2000, Alberio called TFO Thomas and stated that his, Alberio's, source of supply would directly meet with TFO Thomas to deliver the MDMA pills and the cocaine. Alberio provided TFO Thomas with cellular telephone number (954)232-6216 to contact the source of supply and directions to the source's address, the Village at Welleby Park #10818, N.W. 43 Court, Sunrise, Florida, where the drugs could be picked up. This telephone number and address has been identified as that of JOHN ROMEL SOTO.

5. On July 25, 2000, at approximately 9:20 a.m., TFO Thomas called the cellular telephone number (954)232-6216 and spoke with SOTO. SOTO stated that he was going to pick up the pills after work and would contact TFO Thomas when he was prepared to distribute them. SOTO also explained that he was in possession of the drugs as of the previous day, July 24, 2000, but did not hold on to them because TFO Thomas was not coming to Florida until July 25, 2000.

6. On July 25, 2000, at approximately 6:30 p.m., SOTO, left his workplace and returned to his residence, at 10818 N.W. 43rd Court, Sunrise, Florida. TFO Thomas and SOTO engaged in several telephonic conversations regarding the upcoming deal. Specifically, SOTO stated that as soon as his supplier provided him with the pills, he would contact TFO Thomas. SOTO anticipated receiving the pills that evening.

7. At approximately, 8:45 p.m., SOTO traveled to an Applebees Restaurant located at the Sawgrass Mill's Mall, which was the designated meet point. SOTO telephonically contacted TFO Thomas and advised him that he, SOTO, had arrived, and told TFO Thomas to meet him in the front. TFO Thomas exited the restaurant and entered SOTO's vehicle through the front passenger's side. SOTO then physically handed TFO Thomas a white plastic bag. Inside that bag was a cardboard box which contained four baggies. Each baggie contained approximately 500 small pills, which were off-white in color and had an "M" stamped on each pill. The pills are consistent with the packaging, markings and size of MDMA.

8. As SOTO handed TFO Thomas the bag, SOTO advised TFO Thomas that the pills were of very "high quality" and that others had sampled them and were very pleased with the effects. SOTO also discussed future "deals" with TFO Thomas. TFO Thomas indicated that he needed to go to his, TFO Thomas', vehicle to get the money for the pills. SOTO stated that he would hold on to the bag until TFO Thomas returned with the money. SOTO then drove around to where TFO Thomas indicated his car was parked, whereupon TFO Thomas existed SOTO's vehicle.

9. SOTO was arrested and a search incident to arrest was conducted. Discovered inside the vehicle, was the aforementioned white plastic bag containing the MDMA pills and a loaded .40 caliber Ruger which was located underneath the driver's seat, and which was readily accessible to SOTO.

10. SOTO is presently on Supervised Release for a 1998 Federal conviction for possession with the intent to distribute MDMA.

Based on the above, your Affiant has probable cause to believe that JOHN ROMEL SOTO has violated Title 21, United States Code, Section 841(a)(1), namely, that he knowingly and willfully possessed with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of methylenedioxymethamphetamine, ("MDMA").

FURTHER AFFIANT SAYETH NAUGHT.

*Nancy M. Cook TFO*
NANCY M. COOK
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
this _28_ day of _July_ 2000

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

4