UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6213-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| JOHN SOTO, | : |
| | : |
| Defendant. | : |
| _____ / | |

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  Thirteen (13) audio recordings and one (1) video recordings of statements made by the defendant have been provided to defense counsel together with this discovery response. Transcripts of these recordings will be forthcoming.

2.  The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

3.  No defendant testified before the Grand Jury.

4.  The NCIC record of the defendant has been provided to defense counsel together with this discovery response.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for September 12, 2000 at 10 a.m.. Please call the undersigned with 48 hours notice if you intend to review the evidence at this

        date and time.

        Copies of books, papers, documents, and photographs which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have been provided to defense counsel together with this discovery response. The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial.

6. A laboratory analysis of the substance seized in connection with this case has been provided to defense counsel together with this discovery response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point, the Government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At this point, the government has not made any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents. Specifically, the government may introduce evidence of the defendants prior conviction for possessing with the intent to distribute MDMA.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.            The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.            At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: Approximately 8:45 p.m.
> Date: July 25, 2000
> Place: The vicinity of Applebee's Restaurant, Sawgrass Mills Mall

The attachments to this response are numbered pages __1__ - __6__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

           Respectfully submitted,

           GUY A. LEWIS
           UNITED STATES ATTORNEY

By: _____
           Bertha R. Mitrani
           Assistant United States Attorney
           Florida Bar No. 88171
           500 East Broward Boulevard
           Fort Lauderdale, Florida 33394
           Tel: 954/ 356-7255
           Fax: 954/356-7336

cc:     TFA Cook
        DEA

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered on this 24th day of August, 2000 to

R.H. Bo Hitchcock, Esquire

Hitchcock and Cunningham

613 S.E. 1st Avenue

Fort Lauderdale, Florida 33301

Bertha R. Mitrani
Assistant United States Attorney

5












Box w/ Bag Inside



Bag w/ Pills Inside



4 Sandwich Baggies of Pills



All Packaging



4 Baggies of Pills

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

**U.S. Department of Justice**
**Drug Enforcement Administration**

| 1. HOW OBTAINED (Check) | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|
| ☐ Purchase ☒ Seizure ☐ Free Sample ☐ Lab. Seizure ☐ Money Flashed ☐ Compliance Sample (Non-Criminal) ☐ Internal Body Carry ☐ Other (Specify) | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Sunrise, Florida | 7/25/2000 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| N/A | ☐ Case No. OR ☐ Seizure No. No. N/A | 7/25/2000 | Task Force Group 1 |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | | Ecstasy | Four plastic baggies which contain tan colored tablets with letter "M" on one side. In total approximately 2000 tablets | 457.0 grams | | |
| | | | Fingerprints Requested | | | |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?** ☐ NO (included above) ☒ YES (if Yes, enter exhibit no. and describe original container fully)

**REMARKS:**
On July 25, 2000 pursuant to undercover negotiations TFO Cal Thomas received Exhibit 1 from John SOTO. Exhibit 1 was originally contained in exhibits N-3 and N-4 which have been processed separately. TFO Nancy Cook seized Exhibit 1 from SOTO's vehicle pursuant to SOTO's arrest. TFO Cook gave custody of Exhibit 1 to TFO Clyde Parry. TFO Parry and S/A Elizabeth Kempshall processed Exhibit 1 per DEA guidelines. Exhibit 1 was then delivered to the Southeast Regional Laboratory for analysis as indicated below.

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| Clyde Parry, Task Force Officer | Elizabeth W. Kempshall, Group Supervisor |

## LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| HSEE 1 | 7/26/00 | TFO GARY R. HARRIS |
| 22. SEAL ☐ Broken ☒ Unbroken | 23. RECEIVED BY (Signature & Date) 7-26-2000 | 24. Print or Type NAME and TITLE |

## LABORATORY REPORT

**25. ANALYSIS SUMMARY AND REMARKS**

114516

Exhibit 1 contains 3,4-methylenedioxymethamphetamine hydrochloride.
Gross Wt: 457.7g    Net Wt: 419.3g (2006 tablets)

Twenty-five tablets removed for special program.
Original packaging submitted for fingerprint examination.

amp 8/3/00

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 1 | 114516 | 3,4-methylenedioxymeth-amphetamine hydrochloride | 72 | mg | tab | 144.4g | 412.1g 1972 tabs |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| Alexandra Gongora  8-4-2000 | Forensic Chemist | 8/2/00 |
| 37. APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION |
| | Laboratory Director | Miami, FL |

DEA Form - 7 (Sept. 1995)    Previous edition dated 4/90 may be used until stock is exhausted.    1 - Prosecution

DATE:08/14/2000  TIME:14:13  MESSAGE NUMBER:08146

ATTENTION:                          CONTROL:


---NCIC---
4L01FLA0101058022
FL0061230
ATN/COOK
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-- 955554H89.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
            - FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                            FBI NO.         DATE REQUESTED
SOTO,JOHN ROMEL                 955554H89       2000/06/14

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    W     1976/01/05  508     165     BRO   BLK   COLOMBIA

FINGERPRINT CLASS  PATTERN CLASS                    CITIZENSHIP
IO 08 06 04 TT     WU RS RS RS \ J LS AU RS LS      COLOMBIA
PI TT AA 02 TT        AU AU AU    RS LS LS AU
                         WU          AU    AU

1-ARRESTED OR RECEIVED 1998/07/22
    AGENCY-DEA FORT LAUDERDALE (FLDEA0000)
      CHARGE 1-MANF,DISTR,POSS OR DISPENSE CS

    COURT--
      CHARGE-PWITD MDMA-ECTASY
      SENTENCE--
      1-8-99 3 YRS PROBATION,180 DAYS EM,$2500 FINE

    SUPERVISION OR CUSTODY--
      AGENCY-US PROBATION MIAMI (FLU13017G)
        1999/01/08 STATUS--PROBATION
        FLASH EXPIRES-2002/01/07

2-ARRESTED OR RECEIVED 2000/07/25
    AGENCY-DEA FORT LAUDERDALE (FLDEA0030)
      CHARGE 1-POSS W/INTENT TO DISTRIBUTE CTL SUBST (MDMA)

3-ARRESTED OR RECEIVED 2000/07/26
    AGENCY-USM FORT LAUDERDALE (FLU M0700)
      AGENCY CASE--54623-004
      CHARGE 1-3599 DANGEROUS DRUGS


ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.